```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

TRACY LEE KENDALL,

    Plaintiff,

v.                              Case No. 8:14-cv-3224-T-33AEP

ROBERT A. MCDONALD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant United States of America's Motion to Dismiss (Doc. # 10), filed on March 16, 2015. Plaintiff Tracy Lee Kendall filed a Response in Opposition to the Motion on April 13, 2015. (Doc. # 15). For the reasons that follow, the Court denies the Motion.

**I.   Background**

Kendall is an individual with "a distinguished military career cut short by injury." (Doc. # 1 at ¶ 12). Kendall "has had both knees replaced resulting from the service connected injury in 1988." (Id.). He indicates that he is permanently disabled and is "unable to walk or stand for extended periods of time and cannot work on his knees or around wet, slippery surfaces." (Id.).

In May of 2008, Kendall applied for an engineering

technician position with Bay Pines Veterans Administration Healthcare System. (Id.). Kendall did not get the job. (Id. at ¶ 16). Instead, the position was filled by an individual with no military service. (Id.). Thereafter, Kendall accepted a housekeeping job. (Id. at ¶ 30). However, he was asked to mop wet floors, which Kendall indicates he could not do based on his permanent disability. (Id. at ¶ 31). The Government subsequently terminated Kendall's employment. (Id. at ¶¶ 42, 48). Kendall alleges that the Government's employment decisions were improperly colored by discriminatory and retaliatory animus.

On March 6, 2009, Kendall filed an EEO Complaint. (Id. at ¶¶ 12, 34). On June 26, 2013, the Equal Employment Opportunity Commission issued its detailed decision, determining that Kendall failed to establish discrimination or retaliation. (Doc. # 1-1). On April 17, 2014, Kendall filed a pro se employment discrimination action against the Government in this Court pursuant to the Rehabilitation Act. (Case No. 8:14-cv-924-T-33TGW). After authorizing multiple opportunities for Kendall to amend the Complaint, this Court dismissed that case on November 16, 2014, pursuant to Rule 12(b)(6), Fed. R. Civ. P., based on Kendall's failure to state a claim. (Id. at Doc. # 30). Kendall sought reconsideration of the dismissal of his

2

action, which this Court denied. (Id. at Doc. ## 31, 32). In denying the Motion for Reconsideration, the Court emphasized that the dismissal of Kendall's action was "without prejudice" and with authorization for Kendall to "refile this action" at a later date. (Id. at Doc. # 32 at 7-8).

Thereafter, on December 30, 2014, Kendall filed the present action against the Government with the assistance of counsel. (Doc. # 1). In this action, Kendall re-raises his disability discrimination and retaliation claims against the Government pursuant to the Rehabilitation Act. At this juncture, the Government seeks dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., based on the contention that this suit was untimely filed. (Doc. # 10). The Motion is ripe for the Court's review. (Doc. # 15).

## II. Legal Standard

On a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss,

the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

Referencing documents outside of the four corners of the present Complaint and the exhibits attached thereto, the Government indicates that this suit should be dismissed as time barred because Kendall sought reconsideration of the EEOC's unfavorable decision, and that the EEOC denied Kendall's request for reconsideration on January 17, 2014. (Doc. # 10 at ¶¶ 3-4). Thus, the Government Submits that

4

Kendall was required to file his action against the Government on or before April 17, 2014. (90 days after the EEOC's order denying reconsideration). The Court determines that the Government's contentions are not suitable for consideration on a Rule 12(b)(6) Motion to Dismiss because they reference matters extrinsic to the controlling Complaint.

However, even if the Court were to consider the Government's argument, Kendall argues that an "evidentiary issue" has been raised: equitable tolling. See Page v. Postmaster Gen. & Chief Exec. Officer of the U.S. Postal Serv., 493 F. App'x 994, 998 (11th Cir. 2012)(reversing Rule 12(b)(6) dismissal for failure to sue within statutory period and noting that "traditional equitable tolling rules are applicable in employment discrimination actions against government employers."); Themm v. Tervis Tumbler Co., No. 8:15-cv-55-T-30EAJ, 2015 U.S. Dist LEXIS 35880, at *8 (M.D. Fla. March 23, 2015)(denying a Rule 12(b)(6) motion to dismiss an employment discrimination action as time barred and noting reluctance to determine the issue of equitable tolling on a limited record).

In Henderson v. Reid, 371 F. App'x 51, 54 (11th Cir. 2010), the court approved the dismissal of an action pursuant to Rule 12(b)(6) because the plaintiff filed suit outside of

5

the limitations period and his complaint did not "plausibly allege any facts showing that he is entitled to equitable tolling." This Court acknowledges that the issue of equitable tolling *may* be decided at the motion to dismiss stage when the Complaint is devoid of allegations which could support equitable tolling. However, this case is not such a case.

Here, Kendall did, in fact, file a timely lawsuit before this Court (Case No. 8:14-cv-924-T-33TGW)(filed April 17, 2014); however, that lawsuit was dismissed without prejudice and with leave to re-file. Thus, Kendall's entitlement to equitable tolling presents an issue incapable of resolution on the basis of the Government's Rule 12(b)(6) Motion to Dismiss. The Motion is accordingly denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant United States of America's Motion to Dismiss (Doc. # 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of April, 2015.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record